UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JDM IMPORT CO. INC., MG WORLDWIDE LLC, and ASIA PACIFIC JEWELRY, L.L.C.

               Plaintiffs,

– against –

AMIT SHAH and THE JEWELRY CO.,

               Defendants.
-----------------------------------------------------------x

Case No.: 20-cv-08759

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs JDM Import Co. Inc. ("JDM"), MG Worldwide LLC ("MG Worldwide" or "MGW"), and Asia Pacific Jewelry, L.L.C. ("Asia Pacific," together with JDM and MG Worldwide, the "JDM Entities" or "Plaintiffs"), by their attorneys, Moses & Singer LLP, as and for their complaint against Defendants Amit Shah and The Jewelry Company ("Defendants") allege as follows:

### PRELIMINARY STATEMENT

1. This action arises out of the intentional and brazen efforts of an Indian company and its unscrupulous principal to steal the hard-earned business of a family-owned New York luxury goods and jewelry business.

2. Following the break-up of a joint venture which included the parties, Defendants undertook a campaign of intentional interference with some of Plaintiffs' most lucrative business relationships.

3. Defendants' targeted deception and wrongful interference caused a significant deterioration in these business relationships and at least $6,000,000 (six million dollars) in damages, which Plaintiffs seek to rectify by this action.

## THE PARTIES

4. JDM is a domestic business corporation authorized to do business in the State of New York with a principal place of business at 115 West 45th Street, 9th Floor, New York, New York 10036.

5. MGW is a domestic limited liability company authorized to do business in the State of New York with a principal place of business at 115 West 45th Street, 9th Floor, New York, New York 10036.

6. Asia Pacific is a domestic limited liability company authorized to do business in the State of New York with a principal place of business at 115 West 45th Street, 9th Floor, New York, New York 10036.

7. Upon information and belief, Amit Shah is an individual residing in India. Shah is the Chief Executive Officer of The Jewelry Co.

8. Upon information and belief, The Jewelry Co. is a foreign entity based in India and organized under the laws of India. The Jewelry Co. is a division of Shree Ramkrishna Exports Pvt. Ltd ("SRK").

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity and the amount in controversy exceeds $75,000.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

4637039 018256.0101

**FACTS**

11.     The JDM Entities are a New York family-owned jewelry business which, by 2013, was selling approximately $45 million in wholesale jewelry annually to major retailers in New York and around the United States.

12.     The JDM Entities' clients include Signet Jewelers, Macy's, Helzberg's Diamond Shops, and numerous other well-known retailers of fine jewelry.

13.     Signet Jewelers has been a customer of the JDM Entities since 2003.

14.     Signet Jewelers bought the "Zales" brand of jewelry in 2014.

15.     Zales has been a customer of the JDM Entities since 2002.

16.     On or about April 1, 2015, the JDM Entities and other JDM-related entities entered into a joint venture with SRK and SRK-related entities (including Defendant The Jewelry Co.) (the "Joint Venture"), with the intent of creating a worldwide diamond jewelry business.

17.     In or about August, 2017, without warning, SRK and its related entities – including The Jewelry Co. – unilaterally purported to terminate the Joint Venture as of the end of August 2017.

18.     Defendants Amit Shah and The Jewelry Co. subsequently began a deliberate and concerted effort to wrongfully interfere with the JDM Entities' existing and prospective business relationships, including those that the JDM Entities had cultivated long before the Joint Venture was formed.

19.     For example, on October 27, 2017, Defendant Shah wrote an e-mail to several employees of Signet Jewelers (the owner of Zales), stating in pertinent part:

3

> I am sure you are aware that the partnership between MGW and SRK (us) has been dissolved and unfortunately it has not ended well.
>
> **I understand that a lot of your PO's and orders are held up in production which I don't think MGW will be able to deliver this season.**
>
> I have a proposal for you to help you in this situation….

20. Defendant Shah's statement that MGW would not be able to deliver or fulfill orders was false and fraudulent, and was made with malicious intent solely to harm the JDM Entities.

21. Defendants' actions had a substantial detrimental effect on Plaintiffs' business relationship with Signet Jewelers, and particularly with Zales.

22. As a result of Defendants' wrongful interference with Plaintiffs' business relationships, the JDM Entities' revenue from Signet Jewelers (and particularly from Zales) has been diminished by at least $6,000,000 (six million dollars) to date.

23. Upon information and belief, Defendants have similarly sought to interfere wrongfully and maliciously with other business relationships of Plaintiffs'.

24. Upon information and belief, as a result of that other wrongful and malicious interference with Plaintiffs' business relationships, Defendants have caused Plaintiffs to suffer additional damages.

## COUNT I
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
(New York law)

25. The JDM Entities repeat and re-allege the allegations set forth in paragraphs 1 through 25 as if more fully set forth herein.

26. The JDM Entities had existing and prospective business relationships with their customer Signet Jewelers, including with Zales.

27. Defendants were aware these relationships existed before the Joint Venture was formed, while the Joint Venture was ongoing, and after the Joint Venture was dissolved.

28. Defendants intentionally interfered with and undermined the JDM Entities' existing and prospective business relationships with Signet Jewelers, and particularly with Zales.

29. Defendants employed wrongful means and acted with malicious intent in interfering with and undermining JDM Entities' business relationships by communicating with Signet Jewelers (the owner of Zales) in a false and fraudulent manner, and with malicious intent solely to harm the JDM Entities.

30. Defendants' intentional interference by wrongful means and with malicious intent caused substantial injury to Plaintiffs' business relationships with Signet Jewelers, and particularly with Zales.

31. As a direct and proximate result of the above-described conduct by Defendants, Plaintiffs have suffered monetary damages in an amount to be determined at trial but believed to exceed $6,000,000 (six million dollars), plus interest.

32. The actions of Defendants were willful and wanton, and warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. In favor of the JDM Entities and against the Defendants, on Count One, in an amount to be determined at trial, but believed to be in excess of $6,000,000 (six million dollars), plus interest;

B. An award of attorney's fees and costs;

C. An award of punitive damages;

D.  Together with applicable interest and for such other and further relief as is just and proper.

Dated: New York, New York
October 20, 2020

                                            MOSES & SINGER LLP
                                            Attorneys for Plaintiffs

                                            By:  /s/ *Gregory Fleesler*
                                                     Lawrence Ginsburg
                                                     Gregory Fleesler
                                                     Michael Rosenberg
                                            The Chrysler Building
                                            405 Lexington Avenue
                                            New York, New York 10174
                                            Tel: (212) 554-7800